## THE STATE v. WILLIAM MURRAY.

The prisoner has a right, with a view of impeaching her credibility, to ask the prosecutrix when introduced as a witness in a case of alleged rape, if she had not been delivered of a bastard child.

The *error* in excluding such question is not *cured* by permitting the prisoner to show afterwards, by various witnesses, that the prosecutrix had been delivered of such child, and that her character for chastity is bad.

Errors committed by the Court during the trial can be remedied only by a *venire de novo*.

(*State* v. *Patterson*, 2 Ire. 346 ; *State* v. *Garrett*, Bus. 357 ; *State* v. *March*, 1 Jon. 526, cited and approved.)

RAPE, tried before *Barnes, J.*, at Spring Term 1868 of the Superior Court of STANLY.

The prosecutrix, one Jemima Motley, was introduced as a witness for the State, and proved all the facts necessary in law to constitute the offence. With the view of attacking her credibility, the prisoner's counsel proposed to ask her if she had not been delivered of a bastard child, and if she had not had sexual intercourse with other men. To these questions the Solicitor for the State objected, and thereupon the Court excluded them. The prisoner excepted.

The prisoner was permitted to show, by various witnesses, that the said Jemima had been delivered of a bastard child, and that her character for chastity was bad.

The other parts of the case transmitted to this Court are not important.

· ` Verdict, Guilty.   Rule for a new trial; Rule discharged; Judgment, and Appeal.

*Merrimon*, for the prisoner.

*Attorney General*, for the State.

PEARSON, C. J.   "With a view of attacking her credibility, the prisoner's counsel proposed to ask her if she had not been delivered of a bastard child ?   And if she had not had sexual intercourse with other men ?"   The Court held that the questions could not be asked.

There is error.   We consider the point settled.   *State* v. *March*, 1 Jon. 526; *State* v. *Garrett*, Bus. 357; *State* v. *Patterson*, 2 Ire. 346.

" The prisoner was permitted to show, by various witnesses, that the said Jemima Motley had been delivered of a bastard child, and that her character for chastity was bad."

We do not think that this can have the effect of curing the error.   The admission of an allegation in pleading is in some instances cured by verdict.   But an error committed by the Court can only be remedied by a *venire de novo*.

It is unneeessary to notice the other points made in the case.

This opinion will be certified, &c.

PER CURIAM.                              *Venire de novo.*