STATE OF NORTH CAROLINA v. WILLIE LEE SATCHELL

No. 734SC103

(Filed 31 January 1973)

1. Constitutional Law § 30— speedy trial — delay between arrest and trial — unavailability of State's principal witness

Defendant was not denied his constitutional right to a speedy trial by the delay between his arrest for the crime of rape on 22 July 1971 and his trial at the 8 May 1972 session of court where defendant was committed to a State hospital for psychiatric examination on motion of his counsel on 7 September and was returned for trial in November, there was insufficient time at the November criminal session of court in which to conduct defendant's trial, and the prosecutrix was injured in an accident on 22 December and was unavailable as a witness until the 8 May session of court.

2. Rape § 11— sufficiency of State's evidence

The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of rape and to support a verdict of guilty of assault with intent to rape where it tended to show that defendant attacked the prosecutrix outside her motel room, choked her, threatened to kill her unless she kept quiet, and had sexual intercourse with her against her will outside the motel and several times in her motel room, that the next morning the prosecutrix had a cut over her eye, numerous abrasions and scratches about her lower extremeties, bruises on her neck, red marks on both sides of her windpipe, and her coat was torn and her knees were muddy, that at the spot where the prosecutrix said she was first attacked, leaves and twigs from the bushes had been broken off, portions of the ground had been pushed up and the grass was matted down, and that defendant admitted to officers that he had had intercourse with the prosecutrix in her motel room but contended that this had been at her invitation.

3. Criminal Law § 75— in-custody statements made in presence of counsel

Defendant's in-custody statements to police officers were properly admitted in his trial for rape where the *voir dire* evidence shows that defendant had been fully advised of his rights by the officers and that he made the statements to the officers in the presence of his attorney and after he had talked with her.

4. Criminal Law § 169; Rape § 10— rape trial — cross-examination of victim as to previous intercourse

While the trial court in a rape prosecution erred in refusing to allow defendant to elicit testimony from the prosecutrix on cross-examination that she had previously had intercourse "over several dozen times," such error was harmless beyond a reasonable doubt in light of the corroborating evidence given by other witnesses as

to the physical condition of prosecutrix on the morning after the intercourse and the physical conditions on the grounds where the prosecutrix testified she was first assaulted.

ON *Certiorari* to review defendant's trial before *Rouse, Judge,* at the 8 May 1972 Session of Superior Court held in DUPLIN County.

Defendant was tried on his plea of not guilty to an indictment charging him with the crime of rape. The jury found him guilty of assault with intent to commit rape. From judgment imposing prison sentence, defendant gave notice of appeal. To permit him to perfect his appeal, this Court subsequently allowed his petition for certiorari.

*Attorney General Robert Morgan by Assistant Attorney General Raymond W. Dew, Jr. for the State.*

*E. C. Thompson III for defendant.*

PARKER, Judge.

[1] Defendant asserts error in denying his motions for a speedy trial. The record discloses that defendant was arrested on 22 July 1971, the same day on which the warrant was issued against him and on which he was alleged to have committed the offense charged. After counsel was appointed to represent him and after preliminary hearing in the district court, an order was entered 7 September 1971 on motion of defendant's counsel committing him to the State Hospital at Goldsboro for psychiatric examination. This examination was completed and defendant was returned from the hospital to Duplin County on 3 or 4 November 1971. At the November 1971 criminal session of Superior Court held in Duplin County, defendant moved for a speedy trial and in event trial could not be had at that session that he be permitted bond. This motion was denied by Judge Copeland upon his determination that there was insufficient time available at that session of court in which to conduct defendant's trial. On 22 December 1971 the principal witness for the State, the victim of the crime with which defendant was charged, was severely injured in an accident in which she sustained a compound fracture of her leg. At the 10 January 1972 special session of Superior Court, defendant renewed his motion for a speedy trial. This motion was denied upon the court's determination that the prosecutrix, because of her injuries, was unavailable as a witness. However, by order of 13

January 1972 appearance bond in the sum of $10,000.00 was fixed for defendant. At the 28 February 1972 regular criminal session of Superior Court defendant again moved that his case be tried, which motion was again denied upon the solicitor's affidavit that the prosecutrix, by reason of her injuries, was still unavailable as a witness. The next succeeding session of Superior Court for the trial of criminal cases in Duplin County was the session which commenced Monday, 8 May 1972, and defendant's trial was held at that session.

> "The possibility of unavoidable delay is inherent in every criminal action. The constitutional guarantee does not outlaw good faith delays which are reasonably necessary for the State to prepare and present its case. . . . The proscription is against purposeful or oppressive delays and those which the prosecution could have avoided by reasonable effort." *State v. Johnson,* 275 N.C. 264, 167 S.E. 2d 274.

Nothing in the record indicates that such delay in trial as occurred in the present case resulted from any purposeful or oppressive act of the prosecution or that it could have been avoided by reasonable effort on the part of the prosecution. On the contrary, the record indicates that under all of the circumstances the prosecution moved with reasonable dispatch. The burden was on defendant to show that the delay was due to the neglect or willfulness of the prosecution, *State v. Johnson, supra,* and this the defendant has failed to do. Defendant does not contend nor does anything in the record indicate that such delay as occurred in his trial in any way prejudiced him in his defense. Defendant's assignments of error directed to denial of his motions for a speedy trial are without merit and are overruled.

[2] Defendant assigns error to denial of his motions for nonsuit and to set aside the verdict. Examination of the record reveals ample evidence to justify denial of these motions. The prosecutrix testified and positively identified defendant as the man who attacked her in the early morning hours of 22 July 1971 as she was returning to her motel room from a personal errand. She testified that defendant had grabbed her by the neck, choked her, thrown her to the ground between the bushes, threatened to kill her unless she kept quiet, and had then had intercourse with her against her will. The prosecutrix testified that she screamed, but no one came to her rescue, and on defend-

ant's threat to take her to a more secluded spot she went with him into her motel room, where he remained about four hours and where he several times again had intercourse with her against her will. A motel employee, to whom the prosecutrix went for help early next morning after defendant left, testified that she had a cut over her eye, her coat was torn, her knees were muddy, she was "just mussed up all over," and "was terrified." The doctor who examined her at 5:30 o'clock in the morning testified that she was rigid, there was a laceration over her left brow, numerous abrasions and scratches about her lower extremities, bruises on her neck, red marks on both sides on her windpipe, and in his opinion she had recently had sexual intercourse. An S.B.I. agent testified that at the spot where the prosecutrix said she had first been attacked, he observed that leaves and twigs from the bushes had been broken off, portions of the ground had been pushed up, and the grass was matted down. Defendant was arrested on the morning of 22 July 1971 after he was seen by the prosecutrix and the officers walking along the highway some two blocks from the motel. After his arrest he admitted to the officers that he had been in the prosecutrix's motel room on the preceding night and had there had intercourse with her, but contended this had been at her invitation. When the officers asked him why, if this were true, did the prosecutrix have bruises about her neck and scratches on her leg, and why the area between the bushes was torn up, defendant dropped his head and said nothing. Defendant did not testify before the jury and presented no evidence at his trial. There was no error in denying his motions for nonsuit and to set aside the verdict.

[3] Before admitting evidence of the statements which defendant made to the officers following his arrest, the trial judge conducted a *voir dire* hearing in which the State's evidence showed in substance the following: Immediately upon arresting the defendant after they observed him walking along the highway, the officers told him they wanted to talk to him about an alleged rape which had taken place the night before and advised him of his constitutional rights, but they asked him no questions at that time. They took him to the police station, where they read the Miranda "Rights Form" to him. Defendant then told the officers he wanted to talk to his attorney, Mrs. Winnie Wells, before talking to the officers. The officers asked him no further questions, and sent for Mrs. Wells, who came to the police station and talked with defendant and again ad-

vised him of his rights and told him he did not have to tell the officers anything if he did not want to. The officers then questioned defendant in Mrs. Wells's presence concerning his whereabouts on the preceding night. It was then that defendant told the officers that he had gone to the motel room and had had intercourse with the prosecutrix, but had done so at her invitation. Defendant testified at the *voir dire* hearing and admitted that he had been fully advised of his rights by the officers and that he had made his statement to the officers only in the presence of Mrs. Wells and after he had talked with her. It was stipulated that on 22 July 1971 Mrs. Winifred Wells was, and for a number of years had been, a practicing attorney in Duplin County and that at the time of defendant's trial she was serving as a Judge of the Superior Court. Upon completion of the *voir dire* hearing, the trial judge made full findings of fact, all of which are fully supported by the evidence and which in turn support his conclusion that the statement which defendant made to the officers was voluntarily, knowingly and understandingly made, with full understanding on his part as to his constitutional rights. The record reveals that defendant's rights were in all respects meticulously safeguarded. There was no error in admitting before the jury evidence as to the statement which he made to the officers.

[4] During cross-examination, defendant's counsel sought to question the prosecutrix as to whether she had ever had intercourse before with another male and as to how many times she had had intercourse. The trial judge sustained the solicitor's objections to these questions. Had the witness been permitted to answer, she would have testified that she had had intercourse "over several dozen times." It was held error to exclude similar evidence in *State v. Murray*, 63 N.C. 31, and while in our view the evidence would appear to have been competent as bearing on the question of the prosecutrix's consent, Wigmore, Evidence (3d Ed. 1940) § 200; Note, Specific Acts of Unchastity of Prosecutrix in Rape Prosecution, 38 N. C. Law Review 562, we hold that its exclusion under all of the circumstances of this case was not sufficiently prejudicial to warrant another trial. All of the evidence of independent witnesses as to the physical condition of the prosecutrix on the morning after the intercourse occurred and as to the physical conditions on the grounds outside of the motel room completely corroborate her testimony that she had been brutally assaulted outside of her motel. In

our opinion, beyond any reasonable doubt the excluded testimony could not have affected the result of defendant's trial.

We have carefully examined all of defendant's remaining assignments of error and find them without merit. A review of the entire record reveals that from the moment of his arrest to the entry of the judgment all of defendant's rights were carefully safeguarded. His counsel, both at his trial and on this appeal, has been diligent in his behalf. In his trial and in the judgment entered we find no error sufficiently prejudicial to warrant granting a new trial.

No error.

Judges BRITT and VAUGHN concur.