STATE v. HERMAN EARL CREECH.

(Filed 1 December, 1965.)

**Criminal Law § 162—**

Exception to the admission of evidence is waived by permitting evidence of the same import to be introduced thereafter without objection.

APPEAL by defendant from *Bickett, J.,* June Mixed Session 1965 of COLUMBUS.

The defendant was tried and convicted upon a warrant issued by the Recorder's Court at Whiteville, North Carolina, charging him with driving a motor vehicle, on or about 23 August 1964, upon the public streets and highways of the State of North Carolina, while

under the influence of intoxicating liquor. From the judgment imposed the defendant appealed to the Superior Court of Columbus County where he was tried *de novo* on the original warrant.

The jury returned a verdict of guilty. The court imposed a sentence of sixty days in the common jail of Columbus County, to work under the supervision of the State Prison system. Sentence was suspended for a period of twelve months upon payment of a fine of $100.00 and costs. The defendant appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General Charles D. Barham, Jr., for the State.*
*John A. Dwyer for defendant appellant.*

PER CURIAM. The appellant assigns as error the admission of evidence to the effect that he was under the influence of an intoxicating beverage at 8:10 p.m., on 23 August 1964, as being too remote, since the evidence tended to show he was arrested at 10:30 p.m. on that night.

The State's evidence tends to show these facts:

Two police officers of the Town of Lake Waccamaw saw the defendant at approximately 8:10 p.m., on 23 August 1964, at the scene of an accident, and the defendant was under the influence of intoxicating liquor at that time. Following the investigation of the accident, which required about thirty minutes, the officers issued the defendant a citation for driving while under the influence of intoxicating liquor.

The Mayor of Lake Waccamaw testified that he agreed to take the defendant and his female companion a short distance down the road where defendant could get a ride to his home. The Mayor further testified, without objection, that in his opinion the defendant was intoxicated at the time he transported him and his companion a part of the way to defendant's home.

About 10:30 p.m. on the same night, the defendant drove his Chevrolet pickup truck south on Rural Paved Road 1700. A State Highway patrolman testified that at the intersection of Rural Paved Road 1700 and Highway 74-76 "there is a median in the middle of the road with two signs on it. The first sign is a Keep Right sign, and the second a Stop Sign. The pickup traveling south ran onto the median, struck the Keep Right sign, knocked it down and continued on over the median over onto the right side and stopped on the shoulder of the road before entering 74-76." The patrolman arrested the defendant who was alone and driving the truck, and charged the defendant with driving upon the highways while under the influence

of an intoxicating liquor. The patrolman swore out the warrant upon which the defendant was tried below and testified at the trial in the Superior Court that in his opinion the defendant at the time he was arrested was under the influence of some alcoholic beverage.

The State's evidence was sufficient to carry the case to the jury and the defendant does not contend otherwise. Moreover, the defendant waived any benefit he claimed under the above assignment of error by permitting later testimony as to his intoxicated condition at approximately 8:10 to 8:40 p.m. to be admitted without objection. *S. v. Cauley*, 244 N.C. 701, 94 S.E. 2d 915; *S. v. Oxendine*, 224 N.C. 825, 32 S.E. 2d 648.

A careful consideration of the remaining assignments of error leads us to the conclusion that no prejudicial error has been shown that would justify a new trial.

No error.