STATE OF NORTH CAROLINA v. PERRY ELLIS ROBINSON

No. 727SC450

(Filed 2 August 1972)

**Homicide § 21— sufficiency of evidence to support verdict of guilty of involuntary manslaughter**

Evidence in a second degree murder prosecution was sufficient to sustain the verdict of guilty of involuntary manslaughter where it tended to show that defendant, who had been drinking, drove his car forward over his outstretched wife, though he had been warned that she was lying in front of the car.

APPEAL by defendant from *Martin (Harry C.), Judge,* 21 February 1972 Session of Superior Court held in EDGECOMBE County.

Defendant was tried for murder in the second degree under a bill of indictment charging murder in the first degree. The jury returned a verdict of guilty of involuntary manslaughter and from judgment imposing a sentence of imprisonment defendant appeals.

*Attorney General Morgan by Assistant Attorney General Wood for the State.*

*Taylor, Brinson & Aycock by William W. Aycock, Jr., for defendant appellant.*

GRAHAM, Judge.

The only question raised in defendant's brief is: "Whether the evidence is sufficient to sustain the verdict of the jury and the judgment and commitment by the court."

The evidence tends to show that on 18 November 1971, defendant and the deceased, his wife, drove in defendant's car to the home of E. C. Powell in Rocky Mount. Both had been drinking wine. Defendant parked the car on the left-hand side of the street and went into the house where he talked with Mr. Powell for a few minutes. While he was in the house deceased got out of the car. Witnesses observed her stumble and fall in front of the car. Defendant returned from the house and got into the car. A witness testified that he said to defendant: " 'Sir, there's a woman lying in front of your car.' He just stared at me. He looked dazed. I said, 'Did you know it?' He said, 'Yeah.' In a second he asked me did I get her. I said 'No, sir, I did not.' I said, 'Just wait, I'm going in here and get some help.' Up to this point he had made no attempt to get out and see about her or anything, and I couldn't figure out what was going on.

When I said, 'Just wait,' he didn't say anything until I had taken a few steps towards the house. Then he raised his voice and asked me not to call the law. He said, 'Don't call the law.' "

Defendant started the car and drove it forward over his outstretched wife. He testified that he remembered nothing from the time he left Mr. Powell until he stopped the car. He stated: "Somehow I stopped the car. I recall what I did after I stopped the car. I got out and Mr. Powell was standing there with a lady. He said, 'There's a woman under that car.' I got down and looked. I hadn't even missed my wife because I didn't remember anything about it. When I got down I talked to her."

Dr. D. E. Scarborough, whom the parties stipulated to be an expert pathologist and medical doctor, testified that he

performed an autopsy on the deceased's body on 19 November 1971. Laboratory tests reveal the presence of a near lethal level of alcohol in her blood. However, Dr. Scarborough expressed the opinion that her death was caused by emboli or fatty tissue entering the lungs as a result of trauma.

Involuntary manslaughter "is the unlawful killing of a human being, unintentionally and without malice, proximately resulting from the commission of an unlawful act not amounting to a felony, or resulting from some act done in an unlawful or culpably negligent manner, when fatal consequences were not improbable under all the facts existent at the time, or resulting from the culpably negligent omission to perform a legal duty." 4 Strong, N.C. Index 2d, Homicide, § 6, p. 198; *State v. Lawson,* 6 N.C. App. 1, 169 S.E. 2d 265. The evidence here was plenary to support the jury's verdict of guilty of the offense of involuntary manslaughter.

Defendant's counsel states in his brief that he has carefully reviewed the record and is unable to find any error. We have also carefully reviewed the record and conclude that defendant had a fair trial free from error.

No error.

Judges PARKER and VAUGHN concur.