State v. Baum

---

STATE OF NORTH CAROLINA v. HARRY LAWRENCE BAUM

No. 771SC195

(Filed 6 July 1977)

**Automobiles § 114— involuntary manslaughter — lesser offense of death by vehicle — failure to instruct — error**

In a prosecution for involuntary manslaughter where the State's evidence tended to show that defendant was intoxicated at the time his vehicle hit the deceased pedestrian, the trial court erred in failing to submit as a possible verdict that of the statutory crime of death by vehicle. G.S. 20-141.4.

APPEAL by defendant from *Small, Judge*. Judgments entered 15 October 1976 in Superior Court, DARE County. Heard in the Court of Appeals 29 June 1977.

Defendant was convicted of operating a motor vehicle upon a highway while the alcoholic content of his blood was 0.10 percent or more. He was also convicted of involuntary manslaughter.

*Attorney General Edmisten, by Associate Attorney Richard L. Griffin, for the State.*

*E. Cordell Avery and James, Hite, Cavendish and Blount, by Marvin Blount, Jr., for defendant appellant.*

---
State v. Baum
---

VAUGHN, Judge.

Although defendant appealed both of his convictions on oral argument, he conceded that his assignments of error are only directed at the conviction for manslaughter.

Evidence for the State tended to show the following: At about 9:00 p.m. on 21 August 1976, the deceased and a companion were walking in a northerly direction along the right side of U. S. Highway No. 158 near Nags Head. It was dark and deceased was dressed in black pants. Traffic was heavy. Deceased was killed when struck from behind by a vehicle being operated by defendant who was also proceeding in a northerly direction. The point of impact was at the right headlight of defendant's vehicle. Defendant was intoxicated.

Defendant offered evidence tending to show that he was not under the influence of any intoxicant at the time of the accident. He was driving down the highway at about twenty-five or thirty miles per hour. His headlights were dimmed. He was following another vehicle at a distance of about three car lengths and heard a loud bump. He had not seen deceased and did not realize that he had struck anyone until later.

In his tenth assignment of error defendant contends that the court erred in failing to submit as a possible verdict that of guilty of the statutory crime of death by vehicle. The pertinent statute is as follows:

> "Whoever shall *unintentionally cause the death* of another person while engaged in the *violation* of any State law or local ordinance applying to the operation or use of a vehicle or to the regulation of traffic shall be guilty of death by vehicle when such violation is the proximate cause of said death." G.S. 20-141.4. (Emphasis added.)

The offense is a misdemeanor.

In *State v. Freeman*, 31 N.C. App. 93, 228 S.E. 2d 516, *cert. den.*, 291 N.C. 449, 230 S.E. 2d 766, this Court held that G.S. 20-141.4 created a lesser degree of homicide than involuntary manslaughter. The evidence in the case at bar would have permitted the jury to find defendant guilty of the conduct proscribed by G.S. 20-141.4. The failure to allow the jury to consider the lesser degree of homicide constituted prejudicial error

State v. Baum

that was not cured by a verdict of guilty of the more serious crime. *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545.

Since there must be a new trial, we will not discuss the other assignments of error.

In No. 76CR2694, we find no error.

In No. 76CR2792, there must be a new trial.

Judges BRITT and ARNOLD concur.