STATE OF NORTH CAROLINA  v. WILLIAM D. LACKEY

No. 8322SC1276

(Filed 4 December 1984)

1. **Automobiles and Other Vehicles § 114— involuntary manslaughter case—error in failure to instruct on death by vehicle**

   In a prosecution for involuntary manslaughter, the trial court erred in refusing to instruct the jury on the lesser included offense of death by vehicle under former G.S. 20-141.4(a) where the jury could have concluded from the evidence that the only act of defendant that proximately contributed to the collision in question was not driving under the influence of intoxicants but was either driving at an excessive speed, failing to keep his car under proper control, or failing to maintain a proper lookout.

2. **Criminal Law § 138— aggravating factor—element of offense**

   The trial court erred in finding as a factor in aggravation of involuntary manslaughter that defendant "had a highly elevated blood alcohol content of approximately .19 percent by weight, well above that necessary for the underlying driving under the influence violation" where the State relied on defendant's intoxication to show his criminal or culpable negligence, and defendant's intoxication was thus, in effect, an element of the offense. G.S. 15A-1340.4(a)(1)p.

State v. Lackey

Judge BECTON concurring in the result.

Judge HEDRICK dissenting.

APPEAL by defendant from *DeRamus, Judge.* Judgment entered 10 August 1983 in Superior Court, ALEXANDER County. Heard in the Court of Appeals 18 September 1984.

Because of one traffic accident defendant was charged with driving under the influence, second offense, and involuntary manslaughter, and the charges were tried together to start with. In that trial defendant was convicted of driving under the influence, but a mistrial was ordered as to the other charge because the jury was unable to reach a verdict. Upon re-trial for involuntary manslaughter, he was convicted of that charge also. The judgment imposed in the driving under the influence case was complied with and is not involved in this appeal; the sentence imposed in this case was five years in prison, whereas the presumptive term for involuntary manslaughter is three years.

The State's evidence tended to show that: On 1 October 1982 at approximately 8:15 o'clock at night, defendant was operating a 1970 Mercury automobile in a southerly direction on Highway 127 in Alexander County. As his vehicle approached an intersecting rural paved road a 1972 Volkswagen driven by Darrell Diamond pulled onto the highway and also headed south. When the Diamond car had traveled approximately 90 feet down the south lane of the highway defendant's car struck it on the left rear, and thereafter skidded about 170 feet into and along the northbound lane of the highway, where it struck a 1976 Oldsmobile operated by Helen Wike Reese, who died as a result of the collision. Defendant was taken to the hospital where a test of his blood revealed that the blood alcohol content was .19 percent. He also had the odor of alcohol about his person, his eyes were red, and his manner toward hospital and police personnel was abusive. The defendant presented no evidence.

*Attorney General Edmisten, by Assistant Attorney General Archie W. Anders and Assistant Attorney General Thomas B. Wood, for the State.*

*Robert M. Brady for defendant appellant.*

PHILLIPS, Judge.

[1] Defendant contends that the trial court erred in failing to grant his request to charge the jury on the misdemeanor offense of death by vehicle. We agree and a new trial is necessary. Death by vehicle under G.S. 20-141.4(a), which applied when these events occurred but has been revised since then as G.S. 20-141.4(a2), is a lesser included offense of the common law felony of involuntary manslaughter, made punishable by G.S. 14-18. The distinction is that the lesser offense does not depend upon the presence of culpable or criminal negligence, it being enough to convict if death proximately results from the violation of a traffic statute or ordinance. *State v. Freeman*, 31 N.C. App. 93, 228 S.E. 2d 516, *rev. denied*, 291 N.C. 449, 230 S.E. 2d 766 (1976). In a case similar to the one before us, we held that the trial court's failure to submit the lesser included offense to the jury as a possible verdict was error that was not cured by a verdict of guilty on the more serious charge. *State v. Baum*, 33 N.C. App. 633, 236 S.E. 2d 31, *rev. denied*, 293 N.C. 253, 237 S.E. 2d 536 (1977). In this case, though the evidence presented supports the contention that defendant's criminal or culpable negligence in operating his car under the influence of intoxicating liquor contributed to the death resulting collision, it is also such that the jury could have found from it that the only act of defendant that proximately contributed to the collision was a mere violation of a speed or other traffic law. We particularly point to certain testimony of Darrell Diamond, whose car was hit by defendant's car before it caromed or skidded into the other lane of the highway and struck the car the decedent was in. According to Diamond: Upon stopping at the intersection he saw both defendant's car and the Reese car but thought it was safe to enter the highway and did so, with the result, however, that before his car had traveled more than 90 feet, it was struck by defendant's car, which "came flying up behind" him "real fast"; and at all times before the first collision defendant's car was in its proper lane and the Reese car was in its proper lane at all times. From this and other evidence in the case, including the physical evidence surrounding the wreck, the jury could have concluded that defendant's participation in the collisions that occurred was caused not by inebriation, but by either excessive speed, failing to keep his car under proper control, or failing to maintain a proper lookout, in violation of the

various statutes pertaining thereto. Thus, an issue as to death by vehicle should have been submitted to the jury.

[2]   In sentencing defendant to a longer term than the presumptive sentence for this offense, the court used as a factor in aggravation that: "The defendant had a highly elevated blood alcohol content of approximately .19% by weight, well above that necessary for the underlying driving under the influence violation." In doing so the court violated the Fair Sentencing Act, since defendant's intoxication was, in effect, an element of the offense and thus not usable as an aggravating factor. G.S. 15A-1340.4(a)(1)p. Essential to defendant's conviction of involuntary manslaughter was proof of his criminality or culpability. *State v. Freeman, supra.* The evidence mainly relied upon by the State to prove that element was the level of defendant's intoxication. We therefore reverse defendant's conviction and remand the matter for a new trial in accord with this opinion.

New trial.

Judge BECTON concurs in the result.

Judge HEDRICK dissents.

Judge BECTON concurring in the result.

Deeming it significant that defendant's driving under the influence and involuntary manslaughter charges were first joined for trial, I concur in the result. And I understand that the double jeopardy clause provides three separate guarantees:

[1] It protects against a second prosecution for the same offense after acquittal. [2] It protects against a second prosecution for the same offense after conviction. [3] And it protects against multiple punishments for the same offense.

*North Carolina v. Pearce,* 395 U.S. 711, 717, 23 L.Ed. 2d 656, 664-5, 89 S.Ct. 2072, 2076 (1960). (Footnotes omitted.) However, the fact that the jury could not reach a verdict on the involuntary manslaughter charge distinguishes this case from *Illinois v. Vitale,* 447 U.S. 410, 65 L.Ed. 2d 228, 100 S.Ct. 2260 (1980). Defendant could have been convicted of both offenses at a joint trial.

Whether judgment would have had to have been arrested on one of the convictions is a question we need not decide.

Judge HEDRICK dissenting.

For the reasons set forth below, I respectfully dissent from the majority decision awarding a new trial to defendant:

On 22 August 1983 the defendant filed a motion for appropriate relief in which he alleged that "the Court erred by failing to dismiss the charge against the defendant on the grounds that it is in violation of the constitution of the United States in that the prosecution of the involuntary manslaughter charge results in former jeopardy." Although the record contains no ruling by the trial judge on defendant's motion for appropriate relief, the motion is deemed denied, under N.C. Gen. Stat. Sec. 15A-1448 (a)(4), because of the court's failure to rule on the motion within ten days. Defendant assigns error to the court's failure to dismiss the charge against him on the grounds of former jeopardy. I agree.

The record discloses that on 31 March 1983 defendant was found guilty of driving under the influence in violation of N.C. Gen. Stat. Sec. 20-138 (repealed 1983). Judgment was entered on the verdict sentencing defendant to serve six months in jail. On 10 August 1983 defendant was found guilty of involuntary manslaughter arising out of the same transaction as that giving rise to the earlier conviction of driving under the influence. The record affirmatively discloses that defendant's conviction of involuntary manslaughter was based on the underlying offense of driving under the influence in violation of G.S. 20-138.

The law applicable to the facts of the instant case is clear. In *State v. McKenzie*, 292 N.C. 170, 232 S.E. 2d 424 (1977), our Supreme Court held that prosecution of a defendant for involuntary manslaughter based on driving under the influence would be barred by the double jeopardy clause of the fifth amendment, where the defendant had earlier been acquitted of driving under the influence. Three years after our Supreme Court's ruling in *McKenzie*, the United States Supreme Court handed down its decision in *Illinois v. Vitale*, 447 U.S. 410, 65 L.Ed. 2d 228, 100 S.Ct. 2260 (1980). *Vitale* involved a defendant who had been con-

victed of failing to reduce speed to avoid an accident; the State later attempted to prosecute the defendant for involuntary manslaughter. Said the Supreme Court: "[I]f in the pending manslaughter prosecution Illinois relies on and proves a failure to slow to avoid an accident as the reckless act necessary to prove manslaughter, Vitale would have a substantial claim of double jeopardy under the Fifth and Fourteenth Amendments of the United States Constitution." *Id.* at 421, 65 L.Ed. 2d at 238, 100 S.Ct. at 2267. This Court cited and followed *Vitale* in *State v. Griffin*, 51 N.C. App. 564, 277 S.E. 2d 77 (1981), wherein we held that a defendant previously convicted of failure to yield the right-of-way could not subsequently be prosecuted for the offense of death by vehicle based on the underlying violation of failure to yield the right-of-way.

I think it clear from an examination of the record and the above-cited authorities that defendant in the instant case has twice been put in jeopardy for the offense of driving under the influence. Accordingly, I vote to arrest judgment in the case wherein defendant was convicted of involuntary manslaughter.