STATE OF NORTH CAROLINA v. ULYSSES PERRY

No. 748SC265

(Filed 15 May 1974)

1. Criminal Law § 99— questions by court — clarification of testimony
   In a prosecution for larceny of a taxicab and a radio therein, the court's questioning of an officer concerning the stolen radio tended only

to clarify the testimony of the witness and did not constitute an expression of opinion.

**2. Larceny § 8— instructions — inaccurate statement as to value — absence of prejudice**

In a prosecution for larceny of a taxicab and a radio therein, defendant was not prejudiced by the court's inaccurate statement in the charge that the value of the vehicle and radio was $800 when the testimony showed the value of the radio alone was $800.

**3. Larceny § 8— instructions — felonious intent**

The trial court's instructions on the elements of felonious larceny were sufficient although the court did not use the term "felonious intent."

**4. Criminal Law § 122— additional instructions urging verdict**

The trial court did not coerce the jury into returning a guilty verdict when the jury foreman indicated to the court that they were in doubt and the court further instructed the jury on reasonable doubt and the possible verdicts and explained that if the jurors could not reach an agreement without doing violence to their individual judgments, they should report that fact to the court.

APPEAL from *James, Judge,* 29 October 1973 Session of WAYNE County Superior Court. Argued in the Court of Appeals 16 April 1974.

Defendant was charged in a valid bill of indictment with the larceny of a 1967 Buick taxicab and a radio therein valued at $800. Johnnie Mickens, the driver of the cab in question, testified that he left his cab at the taxi stand at around 12 midnight on the night in question. At the time he left his cab, the radio was inside the cab. The next morning, he found the cab abandoned behind a building four blocks from the taxi stand with the wires connecting the radio cut and the radio missing. He gave no one permission to take his cab or to take the radio therefrom.

Judy Jones testified that she observed Ulysses Perry driving away from the Safety Cab Stand in the early morning hours of the date in question in the cab of Johnnie Mickens. The street on which he was driving the cab was well lighted, and she was 15 to 18 feet away from him when she observed him. William Johnson testified that he saw defendant drive away from the cab stand in Mickens's cab at 1:00 a.m. on the date in question and that defendant stopped for a red light six feet away from where he was standing.

Detective Hart of the Goldsboro Police Department testified that he searched the area of the theft and discovered the radio in an outhouse behind a church on the path leading from the location where the car was abandoned to the defendant's house.

At the conclusion of State's evidence, defendant's motion for nonsuit was denied and defendant presented evidence tending to show that he had been with friends until about 11:30 p.m. at which point he went to his mother's residence and went to bed. Defendant's 13-year-old nephew testified that he remained awake watching television until 2:00 a.m., and defendant did not leave the house before he went to bed. Defendant took the stand and testified that he had, in fact, gone to his mother's house at 11:30 p.m. Defendant denied stealing the cab or the radio, and he testified that the cab stand—with which he was familiar was not well lighted.

Defendant's renewed motion for nonsuit was denied and the jury returned a verdict of guilty. From the signing and entry of the judgment, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Hamlin, for the State.*

*J. Faison Thomson, Jr., for defendant appellant.*

MORRIS, Judge.

The court's denial of defendant's motion for nonsuit made at the close of all the evidence was proper. The evidence on the entire record, considered in the light most favorable to the State, giving the State the benefit of all reasonable inferences and resolving all doubts in its favor tends to establish the guilt of defendant, and is therefore sufficient for submission to the jury. *State v. McNeil,* 280 N.C. 159, 185 S.E. 2d 156 (1971).

[1] Defendant assigns error to the court's questioning Detective Hart concerning the stolen radio. This questioning was conducted pursuant to the trial court's well-established authority to examine witnesses in order to ascertain the truth. Defendant complains that upon this questioning testimony was elicited—not previously introduced by the State—that two radios had been recovered. Detective Hart testified in response to the solicitor's questions that *radios* were recovered. Any further questions asked by the court tended only to clarify the testimony of the witness, and defendant is not prejudiced thereby.

State v. Perry

[2]  The assignment of error to various portions of the court's instructions is without merit. The court was not entirely accurate when it stated that ". . . the approximate value of those articles, automobile and radio was about $800." The testimony was in fact that the radio alone had a value of $800. We fail to perceive the manner in which defendant was prejudiced by this slight discrepancy. Larceny of goods of value greater than $200 is a felony. G.S. 14-73; *State v. Cooper,* 256 N.C. 372, 124 S.E. 2d 91 (1962). The court correctly instructed the jury to return a verdict of guilty of felonious larceny if it found that the defendant stole the automobile and radio, and that they had a value greater than $200.

[3]  Defendant further contends that the court was in error in failing to define felonious intent. The following portion of the instruction is sufficient to apprise the jury of the elements of felonious larceny.

> "Felonious larceny is the taking and carrying away of more than $200.00 worth of personal property of another without his consent intending at that time to deprive the owner of its use permanently, the taker knowing that he was not entitled to take the property. Now, in order for you to find the defendant guilty of felonious larceny with which he is here charged the State has the burden of satisfying you beyond a reasonable doubt of six things: first, that the defendant took the property belonging to Johnnie Mickens; second, that the defendant carried away the property. By carrying away I do not mean he must take it 100 or ten miles or even one mile, but the slightest carrying away from where its owner left it is sufficient; third, that Johnnie Mickens did not consent to the taking and carrying away of his automobile, his taxicab and radio, and fourth, that at the time of the taking, the defendant intended to deprive the owner of its use permanently; fifth, that the defendant knew he was not entitled to take the property, and sixth, that the property was worth more than $200.00."

Larceny is the felonious taking and carrying away by any person of the goods or personal property of another, without the latter's consent and with the felonious intent permanently to deprive the owner of his property and to convert it to the taker's own use. *State v. Booker,* 250 N.C. 272, 108 S.E. 2d 426 (1959). Felonious intent as applied to the crime of larceny is "the intent which exists where a person knowingly takes and

carries away the personal property of another without any claim or pretense of right with the intent wholly and permanently to deprive the owner of his property . . ." *State v. Wesson,* 16 N.C. App. 683, 193 S.E. 2d 425 (1972). No exact words are required to instruct the jury as to the meaning of felonious intent. *Id.* The instruction, viewed in its entirety, sufficiently explained the law of larceny to the jury.

[4]   Defendant contends that the court coerced the jury into returning a verdict of guilty at a point where the foreman indicated to the court that they were in doubt. There is no merit to this position, for the court at this point further instructed the jury on reasonable doubt and further explained what possible verdicts they could return and clearly suggested that if they could not reach an agreement without doing violence to their individual judgments, they should report to the court if they could not reconcile their differences.

This instruction was a correct statement of the law regarding the duty of the jury. In no way can it be deemed prejudicial to the defendant, for it clearly states that if the jury is unable to reach a unanimous verdict it is bound to report that fact to the court.

Defendant has received a fair and impartial trial, and we are able to perceive no prejudicial error.

No error.

Judges CAMPBELL and VAUGHN concur.