STATE OF NORTH CAROLINA v. RICKY RAY TUTTLE

No. 7521SC468

(Filed 17 December 1975)

1. **Criminal Law § 88; Rape § 4— cross-examination of prosecutrix — prior sexual conduct — limitation — harmless error**

   In a prosecution for second degree rape, the trial court's error in limiting cross-examination of the prosecutrix concerning a specific prior act of unchastity was not sufficiently prejudicial to warrant a new trial.

2. **Criminal Law § 86— juvenile defendant — cross-examination — prior adjudication of guilt**

   For purposes of impeachment, it is permissible to cross-examine a juvenile defendant with reference to his prior convictions or adjudications of guilt of prior conduct which, if committed by an adult, would have constituted a conviction of crime.

State v. Tuttle

APPEAL by defendant from *Albright, Judge.* Judgment entered 18 March 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 23 September 1975.

Defendant was tried upon a bill of indictment charging him with rape in the second degree.

The evidence tends to show that the prosecutrix, Lorraine Ahern, was driving home from her boyfriend's house on 15 October 1974, when she swerved to avoid a car that was stopped sideways across a lane of traffic. When approached by the defendant, she asked him if he needed assistance. Upon his request, she agreed to take him to get some jumper cables. After directing her over a circuitous route, the defendant told her to stop along a gravel road. The defendant then grabbed the prosecutrix and a struggle ensued. After about fifteen minutes, the defendant was able to force her to submit to his wishes, whereupon he had intercourse with her against her will.

Testifying in his own behalf, the defendant said that he had asked prosecutrix for a ride in order to avoid the police because he was driving his mother's car without a license. He directed the prosecutrix to drive in a circle in order to lose anyone who might be following them. He said that prosecutrix and he smoked a joint of marijuana before he left the car and went to his uncle's house. He testified that "[n]othing else took place other than what I have related to you."

*Attorney General Edmisten, by Assistant Attorney General John M. Silverstein, for the State.*

*Nelson, Clayton and Boyles, by Laurel O. Boyles, for defendant appellant.*

MARTIN, Judge.

[1] Defendant contends that the trial court committed prejudicial error in not allowing defendant's counsel to cross-examine the prosecutrix as to her sexual past.

The general character of the prosecutrix in a rape case may be shown as bearing upon the question of consent. *State v. Grundler,* 251 N.C. 177, 111 S.E. 2d 1 (1959). However, specific acts of unchastity with persons other than defendant are inadmissible in such cases. *State v. Grundler, supra.* Of course, the prosecutrix may be cross-examined concerning specific acts of unchastity for the sole purpose of impeaching credibility,

---

---

*State v. Murray,* 63 N.C. 31 (1868), but the defendant is bound by her answer. 1 Stansbury, N. C. Evidence, § 111 (Brandis Rev. 1973). A witness called by the defendant cannot be asked about specific acts of misconduct by prosecutrix. This witness must confine himself to testimony concerning general reputation for chastity. *State v. Hairston,* 121 N.C. 579, 28 S.E. 492 (1897).

On cross-examination the prosecutrix was asked the following question:

"Q. How long prior to this night, Miss Ahern, was the first time you ever had sexual experiences?

Mr. Lyle: Objection.

The Court: Sustained.

Exception No. 1."

The witness had previously testified on cross-examination that she had had intercourse previous to that night. The question related to a specific act of unchastity and was competent for the purpose of impeaching credibility. *State v. Murray, supra.* However, we hold that its exclusion under all of the circumstances of this case was not sufficiently prejudicial to warrant another trial. The evidence of independent witnesses as to the physical condition of the prosecutrix on the night the intercourse occurred corroborates her testimony.

[2]   The defendant next contends that the cross-examination of the defendant as to his court record while a juvenile was reversible error. This contention is without merit. For purposes of impeachment, it is permissible to cross-examine a juvenile defendant with reference to his prior convictions or adjudications of guilt of prior conduct which, if committed by an adult, would have constituted a conviction of crime. *State v. Miller,* 281 N.C. 70, 187 S.E. 2d 729 (1972). Thus, the district attorney's examination of the defendant as to his past record was not more than the law allows. This assignment of error is overruled.

Defendant's remaining assignment of error is without merit.

Defendant had a fair trial, free from prejudicial error.

No error.

Chief Judge BROCK and Judge VAUGHN concur.