STATE OF NORTH CAROLINA v. SAMUEL H. BRITT

AND

STATE OF NORTH CAROLINA v. TERESA BRITT

No. 788SC506

(Filed 21 August 1979)

1. **Criminal Law § 35— evidence of another's guilt**
   The admissibility of evidence tending to show the guilt of one other than the accused depends upon its relevancy in the case in which it is offered—whether it logically tends to prove or disprove some material fact at issue in the particular case.

2. **Criminal Law § 35— evidence of another's possession of heroin—relevancy**
   In a prosecution of a husband and wife for possession of heroin in which the State presented evidence that a small plastic bag containing heroin was found in the back bedroom of defendants' residence, the trial court erred in

refusing to permit defendants to elicit on cross-examination of the State's witnesses evidence that a third person, who was the only person seen by officers to come from the back bedroom, had on his person eight small plastic bags exactly like the one found in the back bedroom, since evidence which logically tends to show that someone other than the defendants had actually possessed the heroin while on their premises is relevant in the jury's determination of whether defendants had such knowledge of the presence of heroin in their residence and such power and intent to control its disposition and use as to make them guilty of possessing it.

APPEAL by defendants from *Strickland, Judge.* Judgments entered 6 January 1978 in Superior Court, WAYNE County. Heard in the Court of Appeals 27 September 1978.

In Case No. 77CR6661 Sgt. Samuel H. Britt was charged with felonious possession with intent to sell of heroin. In Case No. 77CR6663 his wife, Teresa Britt, was charged with the same offense. Each defendant pled not guilty, and the two cases were consolidated for trial. (In addition, two other cases, in which each defendant was charged with unlawful possession of marijuana, were tried at the same time; however, each defendant was found not guilty on the charge of unlawful possession of marijuana, and the marijuana cases are not involved on this appeal.)

All cases grew out of a search made on 19 May 1977 of the residence occupied by the defendants on the Seymour Johnson Air Force Base. The search was made by both military and civilian officers acting under an "Authority to Search and Seize" signed by the commanding officer of the base. The validity of the search was before this Court in *State v. Long,* 37 N.C. App. 662, 246 S.E. 2d 846 (1978), in which the search was found valid, and that question will not be further discussed on this appeal.

The State's evidence, presented at pretrial and at voir dire hearings during the trial to determine the admissibility of evidence, showed the following: When the officers entered the Britt residence at about 10:30 p.m. on the night of 19 May 1977 for the purpose of searching for heroin and marijuana, they found on the premises, in addition to Sgt. Britt and his wife, Teresa Britt, three other persons, James L. Woodard, Ben H. Murray, and Walter Douglas Long. Mrs. Britt opened the door when the officers knocked. The officers then made a "rather rapid" entry

into the house. Murray was found in the living room, Sgt. Britt and Woodard in the bathroom, and Long was seen coming out of the back or master bedroom. The officers immediately took all five into the living room. Only thirty to forty-five seconds elapsed between the time the officers entered the house and the time everyone was rounded up. In the living room the officers conducted a "pat down" of all five occupants of the house to determine whether they were armed. As a result of this "pat down," the officers found in Long's left boot a spoon wrapped in plastic, a needle, three white Q-tips, and eight small plastic bags containing a brownish powder type substance. Nothing was found on any of the other four occupants of the house as result of the "pat down." The officers then searched the Britt residence. In the back or master bedroom they found, on a dinner plate which was lying on the bed, a small plastic bag containing a brownish powder type substance. This bag was exactly like the bags found in Long's boot. Subsequent analysis revealed that the brownish substance in the plastic bag found in the bedroom and in the eight bags found in Long's boot contained heroin.

In a pretrial order, Judge George M. Fountain found the search of the Britt premises lawful and accordingly denied the motion of defendant Samuel H. Britt to suppress the evidence found as result of a search of the house. However, Judge Fountain found, in an order dated 6 December 1977, that the "pat down" search of Long's person was unlawful and accordingly concluded "that the offer of such evidence against Walter D. Long would be incompetent." (The State appealed from Judge Fountain's order of 6 December 1977, and this Court, while agreeing with his conclusion that the search of the premises was valid, disagreed with his conclusion that the "pat down" search of Long's person was invalid; accordingly, this Court reversed the order granting Long's motion to suppress and remanded the case against Long for further proceedings. See State v. Long, supra.)

At the trial of the present cases against Sgt. Britt and his wife, the State presented evidence concerning the small plastic bag and its contents found in the bedroom of the Britt home. The defendants did not present evidence, but sought by cross-examination of the State's witnesses to bring before the jury the fact that Long, who was the only person seen by the officers to

come from the bedroom, had on his person eight small plastic bags exactly like the one found in the bedroom. The trial judge sustained the State's objections to this line of cross-examination and would not permit the defendant to bring before the jury any information as to what was found on Long's person as result of the "pat down."

The jury found each defendant guilty of possession of heroin. From judgments imposing prison sentences, the defendants appeal.

*Attorney General Edmisten by Assistant Attorney General Elizabeth C. Bunting for the State.*

*Braswell & Taylor by Roland C. Braswell for defendant appellants.*

PARKER, Judge.

The validity of the search having been already determined by this Court in *State v. Long*, 37 N.C. App. 662, 246 S.E. 2d 846 (1978); *cert. denied,* 295 N.C. 736, 248 S.E. 2d 866 (1978), defendants' assignments of error directed to that question are overruled.

Defendants' assignments of error directed to the denial of their motions for directed verdicts are also overruled. In the first place, the record on this appeal does not contain a narration of all, or even of most, of the evidence presented before the jury. Therefore, no question as to the sufficiency of the evidence to take the cases to the jury is properly presented for our review on this appeal. Moreover, the record does show that evidence was presented that heroin was found in the bedroom of defendants' home, and "[w]here such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *State v. Harvey*, 281 N.C. 1, 12, 187 S.E. 2d 706, 714 (1972); *accord, State v. Wells,* 27 N.C. App. 144, 218 S.E. 2d 225 (1975); *State v. Summers,* 15 N.C. App. 282, 189 S.E. 2d 807 (1972).

This brings us to the principal question presented by this appeal, whether the court erred in excluding the evidence sought to

be elicited by defendant's counsel through cross-examination of the State's witnesses concerning the eight plastic bags of heroin found on the person of Walter Long. We find that the court erred in its rulings excluding this evidence.

[1] The law of this State with respect to the admissibility of evidence tending to show the guilt of one other than the accused has been described by our Supreme Court as being "rather unsettled." *State v. Gaines*, 283 N.C. 33, 41, 194 S.E. 2d 839, 845 (1973). In that case the Supreme Court found it unnecessary to discuss this area of the law, since the Court found the evidence in question in that case was properly excluded because it was "totally lacking in probative value" and was "wholly irrelevant." In our view, the admissibility of such evidence should depend upon its relevancy in the case in which it is offered — whether it logically tends to prove or disprove some material fact at issue in the particular case. *State v. Couch*, 35 N.C. App. 202, 241 S.E. 2d 105 (1978); 1 Stansbury's N.C. Evidence (Brandis Rev.) § 93; 1 Wigmore on Evidence 3d ed., §§ 139-142. Evidence which tends to show nothing more than that someone other than the accused had an opportunity to commit the offense, without tending to show that such person actually did commit the offense and that therefore the defendant did not do so, is too remote to be relevant and should be excluded. Examples of this type of situation may be found in *State v. Shinn*, 238 N.C. 535, 78 S.E. 2d 388 (1953) and *State v. Smith*, 211 N.C. 93, 189 S.E. 175 (1937). Similarly, evidence that someone other than the accused may have had a motive to commit the offense, without more, is not sufficiently relevant to be admissible. Examples of this are *State v. Jenkins*, 292 N.C. 179, 232 S.E. 2d 648 (1977); *State v. Couch, supra; State v. Jones*, 32 N.C. App. 408, 232 S.E. 2d 475 (1977).

[2] Applying the test of relevancy to the excluded evidence in the present case, we find it relevant as tending to show, not just by way of conjecture but as a logical inference which the jury might draw, that Long, rather than either of the defendants, had possession of the one packet of heroin found in the bedroom. Long was the only person seen coming from the bedroom or known by the officers to have been there shortly before the search was made. Evidence that he had secreted on his person eight exactly similar packets gives rise to the logical inference that he also had had actual possession of the single packet left in the bedroom. No

evidence showed that the defendants had had actual possession of the heroin, the State depending entirely on the theory of constructive possession to show their guilt. Certainly, evidence which logically tends to show that someone other than the defendants had actually possessed the heroin while on their premises is relevant in the jury's determination of whether the defendants had such knowledge of the presence of the heroin in their home and such power and intent to control its disposition and use as to make them guilty of possessing it.

That Judge Fountain had ruled the evidence of the heroin found on Long's person was incompetent *as against him*, would not warrant its suppression when the defendants sought to use it in their defense. This would be true even had Judge Fountain's ruling been correct. The purpose of the exclusionary rule is to deter officers from making unlawful searches, a purpose which can hardly be achieved when a defendant seeks to use the evidence as relevant to his defense. For the error in excluding the evidence as to the eight packets of heroin found on Long, the defendants are granted a

New trial.

Judges HEDRICK and MARTIN (Robert M.) concur.