STATE OF NORTH CAROLINA v. THOMAS RANDOLPH WINSTON

No. 8026SC87

(Filed 17 June 1980)

1. **Criminal Law § 91.6– time to interview witnesses – denial of continuance – no abuse of discretion**

    In a prosecution for kidnapping and crime against nature in which

defendant contended that a third person forced him at gunpoint to take the victim into the woods and perform sexual acts upon the victim, the trial court did not abuse its discretion in the denial of defendant's motion for a continuance to permit defendant to interview three witnesses who furnished descriptions enabling a police artist to prepare a composite sketch of the person suspected of abducting and murdering the victim's ten year old sister eleven days before defendant's trial so that defendant could determine whether such person may have been the same person who defendant contended forced him to commit the crimes charged, since defendant had available in the composite sketch the identical information he sought to obtain from the witnesses, and nothing in the record or defendant's contentions suggests that his interviewing the witnesses would have yielded any information different from that he already had.

2. **Criminal Law § 35– evidence relating to another crime – no tendency to show crimes committed by third person**

   In this prosecution for kidnapping and crime against nature, an autopsy report and a pathologist's testimony regarding the murder of the victim's ten year old sister shortly before defendant's trial were not admissible to bolster the credibility of defendant's testimony that a third party forced him at gunpoint to commit the crimes charged and threatened to harm defendant, the victim and their families if they told of the third party's involvement in the crimes, since such testimony did not tend to prove that a third party committed the crimes for which defendant was charged but related to an entirely different offense committed by a person or persons unknown.

APPEAL by defendant from *Ervin, Judge.* Judgments entered 21 August 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals on 3 June 1980.

Defendant was charged in proper bills of indictment with kidnapping, a violation of G.S. § 14-39, and crime against nature, a violation of G.S. § 14-177. He pleaded not guilty and was found guilty as charged.

The assignments of error brought forward and argued make it unnecessary for us to set out the facts of this case in more detail than is done so in the opinion. Defendant appealed from a judgment imposing a prison sentence of not less than 30 nor more than 40 years in the kidnapping case, and not less than nor more than 10 years in the crime against nature case.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Assistant Public Defender Theo X. Nixon for the defendant appellant.*

HEDRICK, Judge.

Eleven days before these cases were called for trial, the victim's ten-year-old sister was apparently abducted from her home and brutally murdered. The perpetrator of this offense had not been apprehended at the time of defendant's trial. However, the police had obtained from three witnesses a sufficient description to enable an artist to prepare a composite sketch of the person suspected to have abducted and murdered the child. This tragic incident forms the basis for defendant's two assignments of error.

[1] First, defendant argues the court erred in denying his pre-trial motion to continue. At the hearing on the motion, defendant argued and now argues that he needed additional time to interview the three witnesses who allegedly saw the person who abducted the victim's ten-year-old sister and whose description provided the basis for the composite sketch. The reason defendant gave for needing to interview these witnesses was based on his defense: that is, defendant had maintained from the time of his arrest that a third party had forced him at gun point to take the victim in these cases into the woods and to perform various sexual acts upon the victim. According to defendant, the third party resembled in some respects the person depicted in the composite sketch.

It is well settled and the defendant concedes that a motion for continuance is ordinarily addressed to the sound discretion of the trial judge whose ruling is not subject to review absent an abuse of discretion. *State v. Thomas,* 294 N.C. 105, 240 S.E. 2d 426 (1978). Manifestly, this record fails to demonstrate an abuse of discretion. Even assuming that the record discloses some connection between the crimes for which the defendant was charged and the alleged abduction and murder of the victim's sister, the defendant has not shown that the alleged witnesses' description of the perpetrator of the latter crime would aid the defendant in his defense. Moreover, the record discloses that

the defendant had available in the composite sketch the identical information he sought to obtain from the three witnesses, and he offered nothing in support of his motion to show that a continuance was necessary or would in any way aid the preparation of his defense. In short, nothing in the record or defendant's contentions suggests that his interviewing these witnesses would have yielded any information different from or additional to that he already had. *See State v. Thomas, supra.* Defendant must show both error in the denial of his motion to continue and that he was prejudiced thereby before he will be granted a new trial. *State v. Robinson,* 283 N.C. 71, 194 S.E. 2d 811 (1973). He has failed to do so. We find no abuse of discretion on the part of the trial judge in denying the motion.

[2] Next, defendant contends the court erred in not allowing him to introduce into evidence the autopsy report or, alternatively, medical testimony of the pathologist regarding the death of the victim's sister. He argues that it was necessary for him to show the "violent death" of the child in order to bolster his credibility on the witness stand since he had maintained as a part of his defense that the third party who forced him to commit the crimes for which he was charged had threatened to harm the defendant, the victim, and their families if either told of his [third party's] involvement.

While any evidence which tends to shed any light on the crime charged or the defense is relevant and admissible, the question of relevancy is for the trial judge to determine, and again the defendant must prove not only error in the exclusion of evidence but also that he was prejudiced thereby. In this regard, evidence which points to the guilt of third parties may be admissible. However, it is well-settled law that such evidence is not admissible unless it points directly to the guilt of the third party. "[E]vidence which does no more than create an inference or conjecture as to such guilt is inadmissible." *State v. Smith,* 211 N.C. 93, 96, 189 S.E. 175, 176 (1937). *See also State v. Britt,* 42 N.C. App. 637, 257 S.E. 2d 468 (1979); *State v. Couch,* 35 N.C. App. 202, 241 S.E. 2d 105 (1978).

The evidence which defendant argues the court erroneously excluded in this case does not tend to prove that a third party

committed the crimes for which the defendant was charged. Indeed, the medical evidence tending to show only that the victim's sister was "strangled" does not even raise an inference that a third party committed or participated in the kidnapping and rape of the victim in these cases. The excluded evidence related to an entirely different offense committed by a person or persons unknown. In short, the entire tragic incident regarding the abduction and murder of the ten-year-old sister of the victim is wholly irrelevant to the charges in the present cases. The trial judge did not err in his exclusion of the evidence challenged by this assignment of error. Defendant's contentions are without merit.

We hold the defendant had a fair trial free from prejudicial error.

No error.

Judges PARKER and VAUGHN concur.