STATE OF NORTH CAROLINA v. RICKY J. SIMMONS

No. 8112SC1138

(Filed 1 June 1982)

1. **Burglary and Unlawful Breakings § 5.9— breaking or entering of business premises — sufficiency of evidence**

    The State's evidence was sufficient to support conviction of defendant for breaking or entering of a warehouse where it tended to show that eight freezers were missing from the warehouse; a window was broken at the back of the warehouse and its screen was knocked down; footprints found around the window and on boxes that were stacked at the window closely resembled the pattern of defendant's shoes; defendant told undercover officers that a freezer he was attempting to sell had come from a break-in that he had participated in at the warehouse; and a freezer from the warehouse was recovered by officers pursuant to undercover contacts with defendant.

2. **Larceny § 7.2— identity of stolen property—variance between indictment and proof**

There was a fatal variance between indictment and proof where the indictment charged the larceny of eight "Imperial, heavy duty freezers, Serial Numbers: 02105, 02119, 01075, 01951, 02024, 02113, 02138, 02079" and the evidence showed that a freezer recovered by the police was an Imperial freezer with the serial number "W210TSSC-030-138."

APPEAL by defendant from *Clark, Judge.* Judgment entered 7 May 1981 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 6 April 1982.

Defendant was charged with breaking or entering and the felonious larceny of "eight (8) Imperial, heavy duty freezers, Serial Numbers: 02105, 02119, 01075, 01951, 02024, 02113, 02138, 02079, the personal property of Southern Food Service, Inc., in the custody and possession of Patterson Storage Warehouse Company, Inc., a corporation . . .." He was convicted as charged and appeals from a judgment of imprisonment.

*Attorney General Edmisten, by Assistant Attorney General Nonnie F. Midgette, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Nora B. Henry, for defendant-appellant.*

HILL, Judge.

On 12 August 1980, Hooper Hall, the manager of the "Patterson Storage Warehouse, which is an agent for Mayflower," discovered that some freezers which were stored in his warehouse were missing. He found broken glass in one of the windows at the back of the warehouse and its screen knocked down. There were footprints around the broken window and on some boxes stacked at the window that were similar to the bottoms of defendant's shoes. Hall testified that there were eight freezers missing, all "manufactured by White and maybe had a name brand of Imperial . . .." He said that about a week later one of the freezers was recovered. "[I]t had the general appearance, the same name brand, the same design, that it was white like the rest of ours and it had the name brand 'Imperial' on it and the serial number on the freezer matched the serial number on the list that we inventoried our freezers by."

Arthur Mitchell, Jr., and George H. Lewis, police undercover officers, testified that they met with defendant and another person on 14 August 1980 to arrange to purchase "some freezers that [defendant] had for sale." They discussed the terms of the sale and proceeded to 2230 Delta Drive in Fayetteville, where the freezer was located. Before they arrived at Delta Drive, Mitchell testified that defendant "stated that the freezer had come from a break in that he had participated in on, . . . at the Mayflower Warehouse and that they were for sale." They were unable to pick up the freezer at that time, however. Later that evening, the officers obtained a search warrant for the residence and outbuildings at 2230 Delta Drive and seized a 21 cubic foot freezer, serial number "#W210TSSC-030-138."

Defendant argues that the trial judge erred in denying his motions to dismiss because the evidence was insufficient to show that the seized property was the stolen merchandise and because the proof on that issue fatally varied from the indictment.

When a defendant moves for dismissal in a criminal action, the trial judge must consider the evidence in the light most favorable to the State, take it as true, and give to the State the benefit of every reasonable inference to be drawn therefrom. If there is evidence, direct or circumstantial or both, from which a jury could find that the offense charged had been committed and that defendant committed it, the motion to dismiss should be denied. *State v. Green*, 295 N.C. 244, 244 S.E. 2d 369 (1978); *State v. McNeil*, 280 N.C. 159, 185 S.E. 2d 156 (1971).

Although defendant's conviction cannot be sustained upon a "naked extrajudicial confession,"

> it is equally well settled that if the State offers into evidence sufficient extrinsic corroborative circumstances as will, when taken in connection with an accused's confession, show that the crime was committed and that the accused was the perpetrator, the case should be submitted to the jury.

*State v. Thompson*, 287 N.C. 303, 324, 214 S.E. 2d 742, 755 (1975), *death sentence vacated*, 428 U.S. 908, 96 S.Ct. 3215, 49 L.Ed. 2d 1213 (1976). *Accord State v. Green, supra.*

[1] In the present case, aside from defendant's confession to Mitchell and Lewis, the State presented evidence that a window was

broken at the back of the warehouse and its screen was knocked down. Footprints found around the window and on boxes that were stacked at the window were identified by one of the investigating officers as "closely resembl[ing]" the pattern of defendant's shoes. Further, there is evidence that a freezer from the warehouse was recovered by officers pursuant to undercover contacts with defendant. When coupled with defendant's statement, these "extrinsic corroborative circumstances" are sufficient for a jury to infer that the breaking or entering charged was committed and that defendant committed it.

[2] However, we agree with defendant that there is a fatal variance in the larceny count of the indictment and in the proof at trial of specifically what item or items were taken. In North Carolina, "[i]t is the settled rule that the evidence in a criminal case must correspond with the allegations of the indictment which are essential and material to charge the offense. [Footnote omitted.] The indictment controls the prosecution, and evidence not supported by the indictment is unavailing." 7 Strong's N.C. Index 3d, Indictment and Warrant § 17, p. 162.

> The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.

*Berger v. United States*, 295 U.S. 78, 82, 55 S.Ct. 629, 630, 79 L.Ed. 1314, 1318 (1935). However, " '[a] variance will not result where the allegations and proof, although variant, are of the same legal signification.' [Citations omitted.] An immaterial variance in an indictment is not fatal." *State v. Craft*, 168 N.C. 208, 212, 83 S.E. 772, 774 (1914). *Accord State v. Moore*, 284 N.C. 485, 202 S.E. 2d 169 (1974).

> "Generally speaking, to constitute larceny there must be a wrongful taking and carrying away of the *personal property* of another without his consent, and this must be done with felonious intent; that is, with intent to deprive the owner of his property and to appropriate it to the taker's use fraudulently."

*State v. Bowers*, 273 N.C. 652, 655, 161 S.E. 2d 11, 14 (1968), *quoting State v. Griffin*, 239 N.C. 41, 45, 79 S.E. 2d 230, 232 (1953)

(emphasis added). *Accord State v. Perry,* 21 N.C. App. 478, 204 S.E. 2d 889 (1974). It is elementary that a material element in an indictment charging the offense of larceny is the identification of the "personal property" taken and carried away. Thus, a variance in the indictment and proof at trial in this regard is a material variance; further, such is a fatal variance if it hampers defendant's ability to defend himself on the charge at trial and does not insure that defendant will be protected from another prosecution for the same offense. *See Berger v. United States, supra.*

In the present case, defendant was charged in the larceny count of the indictment with taking "eight (8) Imperial, heavy duty freezers, Serial Numbers: 02105, 02119, 01075, 01951, 02024, 02113, 02138, 02079, the personal property of Southern Food Service, Inc., in the custody and possession of Patterson Storage Warehouse Company, Inc., a corporation . . .." However, the officers' inventory of the property seized at 2230 Delta Drive described a 21 cubic foot freezer, serial number "#W210TSSC-030-138." Although there is evidence that Hall matched the name brand, general appearance, and even the serial number of the recovered freezer with one of those on his inventory, the evidence only discloses that the serial number of that freezer is #W210TSSC-030-138." We can discern no proof at trial that defendant took any of the freezers identified by the serial numbers in the indictment quoted above. Under these circumstances, the *Berger* requirements have not been met. Thus, there being a fatal variance in the indictment and proof at trial on the larceny count, defendant's motion to dismiss that charge should have been granted.

For the reasons stated above, our disposition of this case is as follows:

As to the count of larceny, judgment is

Reversed.

As to the count of breaking or entering, we find

No error.

Judges HEDRICK and BECTON concur.