STATE OF NORTH CAROLINA v. ALTON GORDON SMITH

No. 8316SC547

(Filed 21 February 1984)

**1. Criminal Law § 91— speedy trial—excludable time sufficient to bring within statutory limit**

   Although defendant was not tried until 218 days after he was indicted, most of the time between the time he was indicted and the time of trial was excludable under G.S. 15A-701. One period was excludable as the result of a continuance granted by the trial judge, G.S. 15A-701(b)7; another period was properly excluded since a delay in appointing counsel was attributable to defendant, G.S. 7A-450; periods of delay between defense counsel's pretrial motions and the judge's ruling on such motions were excluded pursuant to G.S. 15A-701(b)1(d); and time periods when defendant was released to another county on another charge and when defendant was released to testify in a federal case were excludable under G.S. 15A-701(b)(3)(b) and G.S. 15A-701(b)9.

**2. Criminal Law § 26.5— breaking or entering not lesser-included offense of felonious larceny**

   There was no error in convicting defendant of both felonious breaking or entering pursuant to G.S. 14-54(a) and felonious larceny pursuant to G.S. 14-72(b) since the offenses of breaking or entering and larceny, which require proof of different elements, are clearly separate and distinct crimes, neither one a lesser included offense of the other.

**3. Criminal Law § 34.8— evidence of other offenses—admissible to show modus operandi**

   The trial court properly admitted evidence of offenses committed by defendant other than those charged where the evidence tended to show a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tended to prove the crime charged and connected the defendant with its commission.

**4. Criminal Law § 72.2— detective's determination that shop owners' descriptions of seller fit defendant—not inadmissible hearsay**

   A detective's testimony that, after talking to shop owners where defendant allegedly sold stolen property, he determined that the shop owners' descriptions of the seller fit the defendant was not inadmissible hearsay since the detective did not testify as to what the shop owners said but rather based his testimony on personal knowledge.

**5. Criminal Law § 35— evidence of witness's monetary status irrelevant**

   The trial court correctly excluded evidence that the State's witness had ready money and that defendant did not since, contrary to defendant's contention, evidence of the witness's financial status was irrelevant and had no tendency to exculpate defendant.

State v. Smith

6. **Criminal Law § 86.8— prior convictions of State's witness—juvenile—improperly excluded**

Although the trial court erred in excluding evidence of prior convictions which the State's witness had committed as a juvenile, defendant failed to show that the error was prejudicial since the record does not indicate the nature of the witness's prior juvenile convictions and defendant failed to show how the admission of the evidence would have changed the results at trial. G.S. 15A-1443.

7. **Criminal Law § 138— aggravating factor that offense was committed for hire or pecuniary gain—improperly considered**

In a prosecution for felonious breaking or entering and felonious larceny, the trial court erred in considering at the sentencing phase as an aggravating factor that the offenses were committed for hire or pecuniary gain since there was no evidence suggesting that defendant was hired or paid to commit the offenses. G.S. 15A-1340.4(a)(1)(c).

8. **Criminal Law § 138— aggravating factor of prior convictions properly considered**

In a prosecution for felonious breaking or entering and felonious larceny, the trial court properly found as an aggravating factor that defendant had a record of prior convictions.

Judge BECTON concurring in the result.

APPEAL by defendant from *Herring, Jr., Judge.* Judgment entered 30 September 1982 in Superior Court, ROBESON County. Heard in the Court of Appeals 9 January 1984. Defendant was found guilty of aiding and abetting felonious breaking or entering and felonious larceny and received a total sentence of fifteen years.

The State's evidence tended to show: On 9 December 1981, Timmy Cox broke into and entered the home of Monroe Lane and stole some jewelry. Cox, the State's chief witness, explained the events leading up to the 9 December break-in: Cox testified that he first became aware of the Lane household while driving with defendant in defendant's wife's car. Defendant pointed out Lane's home and told Cox that Lane was wealthy and probably had money and valuables in his house.

On 9 December, Cox was again a passenger in defendant's car when defendant drove by the Lane home. Defendant noted that it looked like no one was home. Defendant and Cox then drove to a store operated by Lane. Both Mr. and Mrs. Lane were working in the store. Defendant remarked to Mrs. Lane that she

must be busy and asked her if she ever had a chance to do her housework. Defendant and Cox left the store and once in the car, defendant explained that he had asked Mrs. Lane that question to determine whether she had a maid and whether anyone else would be at home. Defendant drove toward the Lane home and then dropped off Cox. Previously, defendant had taught Cox how to break into a house using lock pliers and had warned Cox to leave a window open in case he was caught inside. Defendant had also explained what to look for and where to look once a home was broken into.

On 9 December, using defendant's channel lock pliers, Cox broke into the Lane home and stole some jewelry. Defendant picked up Cox and they drove to defendant's house. Cox gave defendant the jewelry which defendant buried in his backyard and later sold.

Defendant's evidence tended to show: Defendant testified that he did not know where he was on 9 December 1981, but that he was not with Cox when Cox broke into the Lane residence. Defendant, who made money by buying and reselling gold, silver, scrap metal, old radiators, batteries and other items, testified that he was probably out buying or selling when the break-in occurred.

Defendant knew Cox because Cox had worked for defendant, doing odd jobs around the house. Defendant testified that one day he noticed that some batteries were missing, and upon questioning Cox, Cox admitted to stealing and selling them. Defendant told Cox not to come to his house anymore if he planned to steal batteries and Cox replied, "I'll get you. I'll get even with you." Defendant also testified that on a previous occasion, Cox had been arrested and charged with shoplifting. Defendant had paid his bond and convinced the judge to drop charges.

Cox, at one time, had dated defendant's niece. Defendant's witness, James Horton, testified that when he told Cox that defendant said defendant had stopped Cox and his niece from dating, Cox replied that he would get him for that one.

Defendant appeals from a jury verdict and sentence imposed.

State v. Smith

*Attorney General Edmisten, by Lucien Capone, III, Assistant Attorney General, for the State.*

*Ann B. Petersen, Assistant Appellate Defender, for the defendant appellant.*

VAUGHN, Chief Judge.

[1]  Defendant first contends that the trial court erred when it denied defendant's motion to dismiss under the Speedy Trial Act. G.S. 15A-701, *et seq.* We find no error.

G.S. 15A-701(a1)1 provides that the trial of a criminal defendant shall begin within 120 days from the date defendant is arrested, served with criminal process, waives an indictment, or is indicted, whichever occurs last. The indictment in this case, returned on 22 February 1982, triggered the 120 day period. Defendant showed that the time between the indictment and trial was more than 120 days: Defendant was not tried until 28 September 1982, 218 days after he was indicted. Nevertheless, this time period contained excludable time sufficient to bring it within the statutory limit. *See* G.S. 15A-701 and 15A-703.

The following timetable sets out the relevant periods involved herein:

| | |
|---|---|
| 22 February 1982: | Defendant indicted. |
| | Defendant's motion for continuance to next session granted. |
| | Defendant's motion for appointment of counsel denied. |
| 23 March 1982: | Defendant brought to trial, but not tried. |
| | Judge left question of appointment of counsel open. |
| 20-23 April 1982: | Defendant released to another county on other charges. |
| 24 April 1982: | Counsel for defendant appointed. |

5 May 1982:          Defense counsel filed the following motions:

(1) Motion for a Continuance.

(2) Motion for Bill of Particulars.

(3) Motion for Disclosure of Favorable Evidence.

(4) Motion for Production of Evidence and Disclosure of Witnesses.

8 July-20 August 1982: Defendant released to federal authorities under a writ of habeas corpus ad testificandum.

28 September 1982:     Defendant's trial.

After reviewing this table, we find most of the time periods to be excluded under G.S. 15A-701. Pursuant to G.S. 15A-701(b)7, the period between 22 February and 23 March is excludable as the result of a continuance granted by the trial judge.

The period extending to 24 April is furthermore excludable since the delay in appointing counsel was attributable to defendant. *See State v. Rogers*, 49 N.C. App. 337, 271 S.E. 2d 535, *cert. denied*, 301 N.C. 530, 273 S.E. 2d 464 (1980); *State v. Edwards*, 49 N.C. App. 426, 271 S.E. 2d 533 (1980), *cert. denied and appeal dismissed*, 301 N.C. 724, 276 S.E. 2d 289 (1981). In his order dated 22 February denying defendant's motion to have counsel appointed, the trial judge found

> from the affirmations made by the applicant and after due inquiry made, that the applicant is financially able to provide the necessary expenses of legal representation, it is, therefore,
>
> ORDERED AND ADJUDGED that he is not an indigent, and his request is hereby denied.

Defendant's right to have counsel appointed is conditioned on a showing of indigency and an inability to procure his own counsel. *State v. Turner*, 283 N.C. 53, 194 S.E. 2d 831 (1973); *See* G.S. 7A-450. Defendant did not, at the outset, adequately demon-

strate to the trial judge his financial inability to procure counsel and, therefore, was responsible for the delay in the appointment of counsel.

The time period between 5 May, when defense counsel made several pretrial motions and 28 September, when the motions were withdrawn and defendant was tried, is also excludable. Pursuant to G.S. 15A-701(b)1(d), the excludable period of delay covers the period between the making of a motion and the judge's ruling on such motion. The period of delay in this case was reasonable and, thus, excludable. *See State v. Oliver*, 302 N.C. 28, 274 S.E. 2d 183 (1981).

Finally, we note that the time periods between 20 and 23 April when defendant was released to another county on other charges and between 8 July and 20 August, when defendant was released to testify in a federal case are excludable under G.S. 15A-701(b)(3)(b) and G.S. 15A-701(b)9. Taking into account the excludable periods of delay, defendant was not denied his statutory right to a speedy trial.

[2] Defendant next contends that the trial court erred in convicting him of both felonious breaking or entering pursuant to G.S. 14-54(a) and felonious larceny pursuant to G.S. 14-72(b), since breaking or entering is a lesser-included offense. We find no merit in defendant's contention.

Where the same act or transaction violates two distinct statutory provisions, the test to apply to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. *State v. Sanderson*, 60 N.C. App. 604, 300 S.E. 2d 9, *review denied*, 308 N.C. 679, 304 S.E. 2d 759 (1983); *see Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Using this test, the offenses of breaking or entering and larceny, which require proof of different elements, are clearly separate and distinct crimes, neither one a lesser included offense of the other.

The elements of felonious breaking or entering include:

(1) breaking or entering a building

(2) with intent to commit any felony or larceny therein.

A defendant convicted of felonious breaking or entering need not have completed the crime of larceny. *See* G.S. 14-54(a); *State v. Brown,* 266 N.C. 55, 145 S.E. 2d 297 (1965), overruled on other grounds, *State v. Jones,* 275 N.C. 432, 168 S.E. 2d 380 (1969), overruled on other grounds, *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971). The elements of larceny include:

(1) the wrongful taking and carrying away of the personal property of another without his consent

(2) with the intent to permanently deprive the owner of his property and to appropriate it to the taker's own use.

*See State v. Bowers,* 273 N.C. 652, 161 S.E. 2d 11 (1968); *State v. Perry,* 21 N.C. App. 478, 204 S.E. 2d 889 (1974).

In 1969, the legislature amended G.S. 14-72 to make larceny a felony regardless of the value of property stolen, if committed pursuant to a violation of G.S. 14-51, 14-53, 14-54 or 14-57. G.S. 14-72(b)2; An Act to Clarify the Laws Relating to Larceny, Ch. 522, 1969 N.C. Sess. Laws, 447. The statutory provision upgrading misdemeanor larceny to felony larceny does not change the nature of the crime; the elements of proof remain the same. The criminal statutes involved herein declare the legislative intent to make breaking or entering with intent to commit larceny or any felony a more serious crime than breaking or entering without such intent and to make larceny committed pursuant to a breaking or entering a more serious crime than simple larceny. *State v. Killian,* 37 N.C. App. 234, 245 S.E. 2d 812 (1978).

[3] Defendant next contends that the trial court erred by admitting evidence of offenses committed by defendant other than those charged. The general rule prohibiting evidence that tends to show the defendant has committed other distinct and independent offenses is subject to certain well recognized exceptions. One such exception, relevant to this case, is when the evidence shows a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and connect the defendant with its commission. *State v. Hunter,* 290 N.C. 556, 227 S.E. 2d 535 (1976), *cert. denied,* 429 U.S. 1093, 97 S.Ct. 1106, 51 L.Ed. 2d 539 (1977); *See* 1 Brandis on North Carolina Evidence, § 92 (1982).

Defendant objects to testimony from two of the State's witnesses. The first witness, Timmy Cox, testified that during a three or four week period, he had had discussions with defendant in which defendant taught Cox how to use channel lock pliers to break into a house and where to look for valuables hidden therein. Cox testified, over objection, that such discussions pertained to five houses in another county as well as the victim's house in this case. In all the break-ins, Cox testified that he used defendant's channel lock pliers and screwdriver and that afterwards, defendant buried the stolen items in his backyard and later sold them. The second witness, Julie Patton, testified that defendant told her that if she could get hold of any valuables belonging to a friend of hers, to bring them to him. Patton testified that she stole a ring from her friend, which defendant then sold. The testimony of both Cox and Patton showed that the offenses charged in this case were part of a series of related crimes involving the same *modus operandi.*

[4] During trial, State's witness, Detective Ray Strickland, was allowed to testify, over objection, that after talking to shop owners where defendant allegedly sold the stolen property, he determined that the shop owners' descriptions of the seller fit the defendant. Defendant contends that this testimony was inadmissible hearsay. We disagree. Detective Strickland did not testify as to what the shop owners said. His testimony was based on personal knowledge and was entitled to jury consideration. Our holding is not unlike that of the Supreme Court in *State v. Fulcher,* 294 N.C. 503, 243 S.E. 2d 338 (1978), in which a hotel manager's testimony that after hearing some women describe their assailant, he told the police that the description fit a man staying at the hotel was deemed admissible.

[5] Defendant next contends that the trial court erred by excluding evidence that Timmy Cox had ready money and defendant did not. Defendant argues that this evidence helps prove that Cox committed the offenses charged and defendant did not. We find no merit in defendant's contention. Generally, evidence tending to show the guilt of one other than the accused is admissible if it is relevant and probative, i.e., it logically tends to prove a material fact in issue. *State v. Britt,* 42 N.C. App. 637, 257 S.E. 2d 468 (1979); *see State v. Gaines,* 283 N.C. 33, 194 S.E. 2d 839 (1973). In this case, evidence of financial status was irrelevant and had no

tendency to exculpate defendant. The trial court was correct in excluding such evidence.

[6]   During cross-examination, defense counsel asked Timmy Cox, age eighteen, if he had ever been tried and convicted of anything. Cox replied that he had as a juvenile. Upon the prosecutor's objection, the court ruled that juvenile matters were inadmissible. Defendant contends that this ruling constituted prejudicial error.

In general, for purposes of impeachment, a witness, including the defendant in a criminal case, is subject to cross-examination regarding any prior convictions for a crime. *State v. Miller*, 281 N.C. 70, 187 S.E. 2d 729 (1972). Our courts have previously held that cross-examination of a criminal defendant may cover prior convictions for crimes committed as a juvenile. *See Id.; State v. Tuttle*, 28 N.C. App. 198, 220 S.E. 2d 630 (1975), *cert. denied*, 291 N.C. 716, 232 S.E. 2d 207 (1977). We see no reason to change the rule when cross-examination concerns a witness other than the defendant. The trial court, therefore, erred in excluding testimony regarding Cox's prior juvenile convictions, admissible for impeachment purposes. Nevertheless, defendant has failed to show that such error was prejudicial. *See* G.S. 15A-1443. The record does not indicate the nature of Cox's prior juvenile convictions. We do not see how the admission of this evidence would have changed the results at trial. *See State v. Billups*, 301 N.C. 607, 272 S.E. 2d 842 (1981).

[7]   After the jury verdict was returned, the trial judge sentenced defendant to ten years for felonious breaking or entering and five years for felonious larceny. Defendant contends that the trial judge erred in imposing sentences exceeding the presumptive terms.

The trial judge found as aggravating factors that:

(1) defendant induced others to participate in the commission of the offense or occupied a portion of leadership or dominance of other participants;

(2) the offense was committed for hire or pecuniary gain; and

(3) the defendant had a prior conviction or convictions for criminal offenses punishable by more than 60 days confinement.

The judge found no mitigating factors.

Defendant contends that the trial judge erred in finding as an aggravating factor that the offense was committed for hire or pecuniary gain. We agree. *State v. Abdullah*, 309 N.C. 63, 306 S.E. 2d 100 (1983). We find no evidence suggesting that defendant was hired or paid to commit the offense, which our court has previously held is required. The 1983 amendment of G.S. 15A-1340.4(a)(1)(c) removes any doubt.

[8] Defendant next contends that the trial judge erred in finding as an aggravating factor that defendant had a record of prior convictions. With this contention, we find no merit. During cross-examination, defendant admitted to two prior convictions. Prior convictions may be proved by a defendant's own statements, under oath. *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983). To challenge a prior conviction, defendant has the initial burden before or during trial to raise the issues of indigency and lack of assistance of counsel. *Id.* Defendant, not having met this burden, cannot now complain.

No error in the trial. Remanded for resentencing.

Judge HILL concurs.

Judge BECTON concurs in the result.

Judge BECTON concurring in the result.

Believing that defendant had a trial free of prejudicial error, I concur in the result reached by the majority. I write this concurring opinion only because I believe it was error to allow Detective Ray Strickland "to testify, over objection, that after talking to shop owners where defendant allegedly sold the stolen property, he determined that the shop owners' descriptions of the seller fit the defendant," ante p. 9. This testimony, in my view, is inadmissible hearsay. Further, because the out-of-court statements of the shop owners form the basis for Strickland's conclusion and opinion — that "the shop owners' descriptions of the seller fit the defendant" — the conclusion and opinion are inadmissible. Additionally, any examination of Strickland concerning the specifics of the descriptions given creates a confrontation problem. However,

B & H Supply Co. v. Insur. Co. of North America

given the evidence against the defendant, I do not believe that the admission of the challenged evidence in any way contributed to defendant's conviction. The error was harmless.