STATE OF NORTH CAROLINA v. ROBERT GRADY

No. 855SC440

(Filed 18 February 1986)

1. **Burglary and Unlawful Breakings § 5.4; Larceny § 7.10— possession of recently stolen property—sufficiency of evidence**

    Evidence was sufficient for the jury in a prosecution for felonious breaking or entering and felonious larceny where it tended to show that the break-in at one house activated an alarm; the officer who responded to the alarm met defendant driving his car in the opposite direction about one-half mile from the break-in; approximately eight hours after the break-ins, defendant was apprehended while sitting on the driver's side in his car; defendant had numerous items stolen from the houses in his possession at the time of his arrest; after being taken into custody, defendant attempted to escape but was recaptured after running only a few blocks; and the items stolen from the two houses were worth over $4,325.

2. **Burglary and Unlawful Breakings § 6.5; Larceny § 8.4— possession of recently stolen property—instructions proper**

    In a prosecution for felonious breaking or entering and felonious larceny, the trial court did not err in instructing the jury on possession of recently stolen property, though a wristwatch taken during the crimes in question was found in a police car in which defendant had been placed rather than actually on defendant's person, since defendant was placed in the car before he was searched; the watch was not in the car two hours earlier when it was inspected; and the only other person in the car during the interim was a police officer who had nothing to do with either the crimes or the watch.

APPEAL by defendant from *Strickland, Judge*. Judgments entered 26 October 1984 in Superior Court, PENDER County. Heard in the Court of Appeals 22 October 1985.

In case No. 84CRS706 (the Horne break-in), defendant was convicted of felonious breaking and entering, felonious larceny, and felonious possession of stolen goods. In case No. 84CRS708 (the Peay break-in), he was convicted of felonious possession of stolen goods. In case No. 84CRS709, he was convicted of possessing an implement of housebreaking. The several charges arose out of two house break-ins that occurred on the same residential road or street in Pender County on 24 February 1984. Judgment was arrested on the felonious possession of stolen goods conviction in case No. 84CRS706 and defendant appealed from the other convictions.

*Attorney General Thornburg, by Special Deputy Attorney General James B. Richmond, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Leland Q. Towns, for defendant appellant.*

PHILLIPS, Judge.

[1] Defendant's first contention, that the evidence presented at trial does not support his several convictions, has no merit and requires little discussion. The evidence, in brief, was to the following effect: The Horne break-in, which occurred in early afternoon, activated an alarm. The officer that responded to the alarm, when about a half mile from the Horne house, met defendant driving his car in the opposite direction and notified various law enforcement agencies to be on the lookout for the car. A camera, a stereo-radio tape player, and several guns stolen from the house were found in the woods about 150 feet away. Approximately eight hours after the break-ins, when defendant was apprehended in Wilmington, he was sitting in his car on the driver's side and had in his possession a Texas Instrument wristwatch also stolen from the Horne house, as well as some pure silver coins, some paper currency and a silver certificate similar to articles stolen from the Peay house; and in the car was a 30-30 rifle stolen from the Peay residence and a set of bolt cutters. After being taken into custody defendant attempted to escape, but was recaptured after running but a few blocks. The articles stolen from the Horne house were worth $2,125; the articles stolen from the Peay house were worth more than $2,200. This evidence tends to show that defendant committed both break-ins and larcenies and that he had in his possession articles stolen from each house, as well as an implement that could be used in a housebreaking, and defendant's contention to the contrary is rejected.

[2] Defendant's next contention, that the trial court erroneously instructed the jury on the doctrine of recent possession in the Horne case, is likewise without merit. The basis for the charge was that when apprehended but a few hours after the break-in and larceny, defendant had in his possession a Texas Instrument wristwatch that had been stolen from that house. The basis for defendant's contention is that after his escape and recapture he was searched and did not then have the Texas Instrument wrist-

watch, which was found later in the back seat of the police car in which he had been placed; and his argument is that the search conclusively established that he did not have the wristwatch and someone else, therefore, put or left it in the police car. But the evidence also shows that defendant was in the back seat of the police car for a short period before he was searched; that the wristwatch was not in the car two hours earlier when the car was inspected; and that the only other person in the car during the interim was a police officer who had nothing to do with either the larceny or the wristwatch. This evidence is sufficient to show that defendant had the wristwatch in his possession recently after it was stolen and the court's instruction thereon was not error. *State v. Maines*, 301 N.C. 669, 273 S.E. 2d 289 (1981).

The defendant's other two contentions are likewise rejected. One is that the jury should have been instructed on the lesser included offenses of misdemeanor larceny and misdemeanor possession of stolen goods; whereas, the State's evidence that felonious larceny was committed in each case was not contradicted by other evidence. As *State v. Hicks*, 241 N.C. 156, 160, 84 S.E. 2d 545, 547 (1954) held, a lesser included offense charge is not required when the only basis for it is that the jury might reject part of the State's evidence. The other contention, that his conviction for both felonious breaking or entering and felonious larceny based on the same occurrence is unconstitutional, is contrary to the holding in *State v. Smith*, 66 N.C. App. 570, 312 S.E. 2d 222, *disc. rev. denied*, 310 N.C. 747, 315 S.E. 2d 708 (1984), which we will follow until this question is decided otherwise by our Supreme Court.

No error.

Judges WEBB and JOHNSON concur.